■ In the Matter of STATE FARM FIRE AND CASUALTY COMPANY et al., Petitioners, v SUPERINTENDENT OF INSURANCE OF THE STATE OF NEW YORK, Respondent.—Petition pursuant to CPLR 78 transferred to this court by order of Supreme Court, New York County (Ira Gammerman, J.), entered March 22, 1989, challenging the determination of the respondent, dated January 20, 1988, which finally disapproved the petitioners' homeowner's rate filing that included discount for policyholders insured by the petitioners for three or more years, unanimously denied, respondent's determination confirmed and the petition dismissed, without costs and without disbursements.

The petitioners' rate classification provides reduced premium rates for homeowners insured by the petitioners for three or more years. The only basis for the discounted rates for homeowners previously insured by petitioners, as opposed to homeowners with the same risk factors who were previously insured by other insurance companies for the same length of time or previously uninsured, is statistical data showing that petitioners' insured's probability of loss decreases in proportion to the number of years the insured is a State Farm policy holder. No explanation is offered as to why

a homeowner who otherwise presents exactly the same objective risk characteristics as a State Farm insured should receive a higher rate.

The burden is placed upon the insurer to prove that the rate classification proposed is not unfairly discriminatory. (Insurance Law §§ 2303, 2305, 2307 [a].)

The facially discriminatory treatment of homeowners who present the same objective risk factors by a rate classification based on the length of time the homeowner was insured by State Farm constitutes substantial evidence for the determination. Where a determination is not irrational, the court should defer to the respondent's expertise in determining what constitutes a valid risk characteristic upon which to base a rate classification. *(See generally, Matter of Medical Malpractice Ins. Assn. v Superintendent of Ins. of State of N. Y.,* 72 NY2d 753, 763 [1988], *cert denied* 490 US 1080 [1989]; *Matter of Pell v Board of Educ.,* 34 NY2d 222, 231 [1974].)* Concur—Sullivan, J. P., Carro, Rosenberger and Smith, JJ.